IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HASKELL ARMOND WILLIAMSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-22-00395-JD |
| ) | |
| SCOTT NUNN, ) | |
| ) | |
| Respondent. ) | |

# **ORDER**

Before the Court for review is the Report and Recommendation ("R. & R.") [Doc. No. 10] issued by United States Magistrate Judge Amanda Maxfield Green on June 28, 2022, under 28 U.S.C. § 636(b)(1)(B), (C). Judge Green recommends that Petitioner Haskell Armond Williamson's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 [Doc. No. 1] be dismissed with prejudice as untimely. [Doc. No. 10]. Judge Green advised Mr. Williamson of his right to object to the R. & R. by July 19, 2022. Mr. Williamson timely objected on July 13, 2022 [Doc. No. 11] ("Objection").

The Court has carefully and thoroughly reviewed the petition, R. & R., and Objection, has liberally construed Mr. Williamson's pleadings because he is proceeding pro se, and has considered the objected-to matters *de novo* in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3). For the reasons stated below, the Court agrees with the R. & R. and dismisses with prejudice Mr. Williamson's habeas petition as untimely. The Court also denies a certificate of appealability.

I.  **Background**

On June 11, 2012, Mr. Williamson entered guilty pleas and was sentenced on five charges in Tulsa County District Court, Oklahoma. R. & R. at 2–3. He never sought to withdraw his guilty plea or to timely appeal the judgment of conviction. *Id.* at 3. Around eight years later, after the United States Supreme Court decided *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), Mr. Williamson filed an application for post-conviction relief on August 3, 2020, in the Tulsa County District Court. *Id.* He argued that the trial court lacked jurisdiction due to his Indian status and the crimes occurring on a reservation. *Id.* The state court denied that application, and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed. *Id.* Mr. Williamson has now filed this habeas petition asserting the same arguments. *See* [Doc. No. 1 at 3, 5].

Judge Green concluded that Mr. Williamson's petition should be dismissed because it is untimely, and the limitations period was not tolled or extended. Mr. Williamson's Objection does not object to the R. & R.'s conclusions that the petition is untimely or that an untimely petition should be dismissed with prejudice,[1] but argues instead that the limitations period should be statutorily and equitably tolled. *See generally* Objection. He also contends that applying the time limitations of the Antiterrorism and Effective Death Penalty Act ("AEDPA") as applied to him and generally violates the

---

[1] *Cf. McDowell v. Zavaras*, 417 F. App'x 755, 756–57 (10th Cir. 2011) (unpublished) (explaining that a habeas petition "denied as time-barred" is "a dismissal . . . on the merits") (citing cases); *Brown v. Roberts*, 177 F. App'x 774, 778 (10th Cir. 2006) (unpublished) ("Dismissal of a petition as time barred operates as a dismissal with prejudice . . . .").

Constitution. The Court limits its review to these issues. *See* 28 U.S.C. § 636(b)(1) (the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made").

## II. Legal standards

An application for a writ of habeas corpus must be filed within one year of the latest of:

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

## III. Discussion

**A.    Mr. Williamson's petition is untimely, and the deadline is not tolled.**

*(1)    Timeliness*

Mr. Williamson's judgment of conviction and sentencing occurred on June 11, 2012. [Doc. No. 1 ¶ 2(b)]. "In Oklahoma, if a defendant's conviction is based on a guilty plea, he may pursue an appeal to the OCCA only by a petition for a writ of certiorari." *Clayton v. Jones*, 700 F.3d 435, 441 (10th Cir. 2012) (citation omitted). But before that, he must first "file an application in the trial court to withdraw his plea within ten days of the judgment and sentence, with a request for an evidentiary hearing." *Id.* (citing Okla. R.

3

Crim. App. 4.2(A)). Mr. Williamson did not timely file a motion to withdraw his plea, meaning his conviction became final ten days after sentencing, or on June 21, 2012. *See Jones v. Patton*, 619 F. App'x 676, 678 (10th Cir. 2015) (unpublished) ("If a defendant does not timely move to withdraw a guilty plea or file a direct appeal, Oklahoma criminal convictions become final ten days after sentencing.") (citing 22 Okla. Stat. § 1051; Okla. R. Crim. App. 4.2; *Clayton*, 700 F.3d at 441; *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006)); *see also* R. & R. at 5.

The R. & R. concluded that Mr. Williamson's statute of limitations for claims like these expired on June 22, 2013. R. & R. at 5–6. Mr. Williamson did not object to that portion of the R. & R. or Judge Green's calculation of his time period, and the Court agrees with the R. & R.'s conclusion that the petition is untimely under § 2244(d)(1).

### (2) *Statutory tolling*

Mr. Williamson argues that he is entitled to statutory tolling of the AEDPA limitations under 28 U.S.C. § 2244(d)(2) because the state court never had jurisdiction, so his conviction was never "final." Objection at 2–3. But this argument misconstrues when statutory tolling is appropriate. Statutory tolling only applies in narrow circumstances. By the statute's plain text, statutory tolling only applies to "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). So Mr. Williamson would have needed to properly file an application for post-conviction relief (or for other collateral review) in state court, and then his AEDPA limitations period would be tolled during the period that application was pending. *See id.*; *see also Clark*,

4

468 F.3d at 714 ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations.").

As the R. & R. determined, statutory tolling is not applicable because Mr. Williamson filed the petition for post-conviction relief in state court on August 3, 2020—after the expiration of AEDPA's one-year period on June 22, 2013. R. & R. at 6. *See also Clark*, 468 F.3d at 714; *Hubler v. Ortiz*, 190 F. App'x 727, 729 (10th Cir. 2006) (unpublished) ("But a petition for post-conviction relief filed in state court after the limitations period has expired no longer serves to toll it."). Under § 2244(d)(2) and Tenth Circuit case law, Mr. Williamson is not entitled to statutory tolling.

### (3)    *Equitable tolling*

The Tenth Circuit has determined that 28 U.S.C. § 2244(d) is not jurisdictional and "may be subject to equitable tolling." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). To obtain equitable tolling a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his federal habeas petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). This is a "'strong burden'" that requires the petitioner "'to show specific facts to support his claim of extraordinary circumstances and due diligence.'" *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). Examples of the "rare and exceptional circumstances" for equitable tolling include "when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively

5

pursues judicial remedies but files a defective pleading during the statutory period." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (internal quotation marks and citations omitted). "Simple excusable neglect is not sufficient. . . . [A] petitioner must diligently pursue his federal habeas claims; a claim of insufficient access to relevant law, such as AEDPA, is not enough to support equitable tolling." *Id.* (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990), and *Miller*, 141 F.3d at 978).

Mr. Williamson generally argues that equitable tolling should apply in the "interest of justice" and because of the "extraordinary general misunderstanding" about jurisdiction before *McGirt*, leading to defense attorneys' failures to make "such jurisdictional claims for their clients." Objection at 3–4. While the Court acknowledges the nature of the *McGirt* decision, Mr. Williamson still falls short of establishing (1) that he has diligently been pursuing his rights or (2) that some extraordinary circumstance stood in his way and prevented timely filing of his federal habeas petition. *Holland*, 560 U.S. at 649.

First, a petitioner generally needs to establish that they were *timely* and diligently pursuing their rights, *see id.*, but Mr. Williamson has only shown that he started diligently pursuing his rights after the Supreme Court decided *McGirt* in 2020, which was long after his limitations period had already expired.

Second, there was no extraordinary circumstance that "stood in his way and prevented" Mr. Williamson from timely filing his federal habeas petition. In *Greene v. Nunn*, No. 21-CV-0446-GKF-SH, 2022 WL 1997262, at *6 (N.D. Okla. June 6, 2022), Judge Frizzell rejected the same argument (presented verbatim), where the petitioner

contended that equitable tolling should apply due to the "extraordinary general misunderstanding between federal authorities and state authorities as to whether any reservations continued to exist in Oklahoma." Judge Frizzell concluded that "applying equitable tolling in this situation would effectively turn the doctrine of equitable tolling into a judicially-created equitable exception to § 2244(d)(1)'s one-year statute of limitations for all Oklahoma prisoners who were purportedly tried by a state court that lacked criminal jurisdiction." *Id.*; *see also, e.g.*, *Ford v. Dowling*, No. CIV-22-0341-HE, 2022 WL 2835854, at *1 (W.D. Okla. July 20, 2022) (declining to apply equitable tolling in similar circumstances); *Jackson v. Nunn*, No. CIV-21-960-F, 2022 WL 2252611, at *1 (W.D. Okla. June 22, 2022) (same); *Moland v. Crow*, No. 21-CV-0455-TCK-JFJ, 2022 WL 2070621, at *3 (N.D. Okla. June 8, 2022) (same); *Cecil v. Nunn*, No. CIV-22-3-SLP, 2022 WL 2070638, at *1 (W.D. Okla. June 8, 2022) (same).[2] Nothing prevented Mr. Williamson from timely filing his habeas petition. The Court sees no reason to depart from the reasoning in these cases and declines to apply equitable tolling.

Finally, Mr. Williamson makes no attempt to demonstrate his actual innocence. "Also known as the 'miscarriage of justice' exception, the actual-innocence exception applies 'when a petitioner can demonstrate that he is actually innocent of the crime of conviction.'" *Pacheco v. El Habti*, 48 F.4th 1179, 1186 (10th Cir. 2022) (quoting *Taylor*

---

[2] *See also Harcourt v. Dennis*, No. CIV-22-113-PRW, 2022 WL 2665957, at *3 (W.D. Okla. July 11, 2022) (analyzing § 2244(d)(1)(B), concluding that "although an effort by Harcourt to obtain habeas relief prior to *McGirt* may have been unlikely to produce a successful result, the effort itself was still possible. Thus, the State's legal position did not *prevent* Harcourt from *filing* a habeas petition. . . ." (cleaned up; emphasis added)).

*v. Powell*, 7 F.4th 920, 926 (10th Cir. 2021)). The Court has searched the record and finds no basis to invoke the actual-innocence exception to excuse the untimeliness of Mr. Williamson's habeas petition.

The Court therefore does not find a basis for tolling or exception to the limitations period based on the record before it. *Cf. Pacheco*, 48 F.4th at 1190 ("When Congress enacted the limitations period in AEDPA, it discerned no reason to provide a blanket exception for jurisdictional claims.").

**B.      Mr. Williamson's challenges raised for the first time in his Objection are waived or alternatively rejected.**

For the first time in the Objection, Mr. Williamson argues that the application of AEDPA's limitation period to his petition is unconstitutional. Mr. Williamson did not include this claim in the petition; it is thus not discussed in the R. & R. In the Tenth Circuit, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) (citations omitted). Therefore, the argument that AEDPA violates the Constitution is waived.

But even if the Court were to consider the argument on the merits, Mr. Williamson has not shown how AEDPA's limitation period is unconstitutional. First, he argues that the time limits are unconstitutional as applied to him based on his assertion that the state court lacked jurisdiction. Objection at 2 ("Time-barring Petitioner's petition leaves in place a criminal conviction obtained in a state court that had no jurisdiction. This effectively grants jurisdiction to the state court contrary to the Acts of Congress . . . .").

8

Second, he argues that the AEDPA time limit violates the Supremacy Clause and Suspension Clause of the Constitution. The United States Congress, however, adopted the AEDPA time limitation; therefore, there is neither a concern of state usurpation of congressional plenary power nor a Supremacy Clause issue in applying the AEDPA time limit to the petition. Further, Mr. Williamson's Suspension Clause argument fails because he does not show how the limitation period "renders the habeas remedy 'inadequate and ineffective' to test the legality of detention." *Miller*, 141 F.3d at 977. "[A] habeas claim predicated on a convicting court's lack of subject matter jurisdiction 'is subject to dismissal for untimeliness.'" *Lamarr v. Nunn*, No. 22-6063, 2022 WL 2678602, at *2 (10th Cir. July 12, 2022) (unpublished) (citation omitted) (collecting cases). Thus, even if not waived for failure to raise this challenge before Judge Green, the Court declines Mr. Williamson's invitation to declare AEDPA unconstitutional.

## IV.   Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability, Mr. Williamson must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Williamson can satisfy this standard by demonstrating that jurists of reason could debate whether the petition should have been resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). After considering this Order, the R. & R., the record, and the state of current law, the Court finds that

reasonable jurists would not debate the Court's determinations that Mr. Williamson's habeas petition is untimely or that he is not entitled to statutory or equitable tolling, or any other determinations made by the Court in this Order. Because Mr. Williamson cannot make the required showing, the Court declines to issue a certificate of appealability.

## V.  Conclusion

For the reasons stated above, the Court ACCEPTS and ADOPTS the Report and Recommendation issued by United States Magistrate Judge Amanda Maxfield Green [Doc. No. 10] and DISMISSES Mr. Williamson's § 2254 action with prejudice as untimely. The Court DENIES a certificate of appealability.

IT IS SO ORDERED this 29th day of December 2022.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE